tillmanm , 12/15/2020, 11:38:57 /
**Received inbox**

**Exhibit A**



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**December 7, 2020 19:25**

By: JAMES S. WERTHEIM 0029464

Confirmation Nbr. 2130963

NEIL ROBINS                                    CV 20 940965

    vs.

                                          **Judge:** JOSEPH D. RUSSO

VELOCITY INVESTMENTS, LLC, ET AL

**Pages Filed:** 8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY OHIO

| | | |
|---|---|---|
| NEIL ROBINS | ) | CASE NO. _____ |
| 3890 Ellendale Rd. | ) | |
| Chagrin Falls, OH 44022, | ) | JUDGE _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CLASS ACTION COMPLAINT** |
| | ) | ***(Jury Demand Endorsed Hereon)*** |
| VELOCITY INVESTMENTS, LLC, | ) | |
| 1800 Route 34N | ) | |
| Suite 305 | ) | |
| Wall, NJ 07719 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAVITCH BLOCK LLC | ) | |
| 1100 Superior Avenue, 19th Floor | ) | |
| Cleveland, OH 44114-2521, | ) | |
| | ) | |
| Defendants. | ) | |

## I. FACTS

1.      Defendants filed a Complaint against Plaintiff in Case No. CV-19-926571 in the Court of Common Pleas, Cuyahoga County, Ohio, based on an alleged contract which purported to document a loan to Plaintiff (the "Case").

2.      There never was a loan.

3.      Defendants never provided to the Court or Plaintiff any contract documenting a loan.

4.      Defendants' filing of the Case without any justification is a violation of Ohio and federal laws.

5.      The Case asserted that Plaintiff owed money to an entity called WebBank, based on a written agreement sometime in 2014.

6.      Plaintiff did not enter into an agreement with WebBank or received any money from WebBank.

7.      Despite being told this many times and having no contract, Defendants continued to pursue this case.

8.      The alleged written agreement is purported to be attached to the Case as Exhibit A (the "alleged agreement"). However, a review of that document demonstrates that it is not an agreement signed by Plaintiff, but a form agreement pulled from the internet and dated long after the alleged agreement with Plaintiff.

9.      On the Loan Agreement page of the alleged agreement, it says "Welcome Anthony!"

10.     The Promissory Note is blank.

11.     The purported Truth in Lending disclosure does not indicate that any agreement was ever signed. It states: "You are not required to complete this agreement merely because you have received these disclosures or signed a borrower membership agreement." None of the forty-one pages of the alleged agreement contains even a purported electronic signature.

12.     Plaintiff did not enter into any agreement with WebBank or received any funds from it.

13.     Plaintiff knows nothing about the purported loan and never made any application for such a loan.

14.     Plaintiff never received a line of credit from WebBank, and he never received statements reflecting "purchases and charges for the account."

15.     Defendants claimed that Plaintiff received a line of credit and received statements reflecting "purchases and charges for the account." No such statements were attached and Plaintiff denies the same.

## II.  CLASS ALLEGATIONS

16.     Pursuant to Civ.R. 23 of the Ohio Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a class of Ohio persons similarly situated, under the FDCPA, invasion of privacy, R.C. 2323.51 and the Ohio CSPA, to remedy the ongoing unlawful, unfair and/or deceptive practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby.

17.     The Class is defined as all Ohio residents:

a.     Who Defendants claimed owed a debt; and

b.     Where Defendants sent a communication attempting to collect the debt without having a signed contract; or

c.     Where Defendants filed a lawsuit with an unsigned contract attached; or

d.     Where the amount claimed by Defendants was in excess of the amount owed; and

e.     Within two years of the filing of this lawsuit.

18.     The Class is so numerous that joinder of all members would be impracticable. The exact size of the proposed Class and the identity of the members thereof are readily ascertainable from Defendants' records.

19.     There is community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members. These questions include, *inter alia*:

a.     Were they sued by Defendants?

b.     Did Defendants send a debt verification letter that complied with the FDCPA?

c.     Did Defendants file a lawsuit without verifying the debt?

d.     Did Defendants verify the debt?

e.     Did Defendants seek more than was owed?

f.     Did Defendants continue collection activities without verifying the debt?

g.     Did Defendants violate the FDCPA?

h.     Did Defendants violate the CSPA?

i.     Was the lawsuit frivolous?

j.     Was the lawsuit an invasion of privacy?

20.     Plaintiff's claims are typical of those of the Class he seeks to represent, and he will fairly and adequately represent the interests of the Class. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

21.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual class members may be relatively small compared to the expense and burden of litigation, and because most class members do not even know they have been injured, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendants and would establish incompatible standards of conduct for Defendants.

## III. CLAIMS

A.  **Count 1**
    **(R.C. 2323.51)**

22.  Plaintiff restates and realleges the allegations contained herein.

23.  Defendants had no factual basis to file the Case.

24.  The Case is frivolous and violates R.C. 2323.51, as it obviously serves merely to harass or maliciously injure another party to the civil action.

25.  Plaintiff and members of the Class have been damaged as a direct and proximate result by having to incur attorney fees, lost time from work in defending the matter, suffered damage to their credit, stress and other damages.

26.  Plaintiff and members of the Class are entitled to attorney fees.

B.  **Count 2**
    **(FDCPA)**

27.  Plaintiff restates and realleges the allegations contained herein.

28.  Defendants are debt collectors subject to the FDCPA.

29.  Defendants' pursuit of a debt without any support violates numerous provisions of the FDCPA, including filing a suit for an amount not owed, failing to verify a debt, collecting on a debt without verifying the debt, harassment, unconscionable acts, and misrepresentations. Defendants engage in these activities on a systemic basis.

30.  "A predictable result of debt buyers filing a high volume of lawsuits based on imperfect information is that lawsuits are regularly filed after the right to collect debts has expired or that seek to collect a debt that is not owed; 'each year, buyers sought to collect about one million debts that consumers asserted they did not owe.'" Taylor v. First Resolution Invest. Corp., 2016-Ohio-3444, ¶ 6, 148 Ohio St. 3d 627, 629, 72 N.E.3d 573, 579.

Federal and state statutes in play in this case provide protections against such debt-collection abuses. Congress passed the FDCPA to address "what it considered to be a widespread problem' of consumer abuse at the hands of debt collectors." (Cites omitted) The intent of the FDCPA is to "eliminate abusive debt collection practices" that have contributed to personal bankruptcies, job loss, and invasions of individual privacy. 15 U.S.C. 1692(a) and (e); (Cites omitted) In reaction to the size of the problem, [Congress] crafted "an extraordinarily broad" remedial statute.(cite omitted) The FDCPA prohibits debt collectors from employing "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including misrepresenting 'the character, amount, or legal status of any debt." 15 U.S.C. 1692e(2)(A). A debt collector may not employ any "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. 1692f, and cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. 1692f(1).

Id.

31.     Plaintiff and members of the Class have been damaged as a direct and proximate result by having to incur attorney fees, lost time from work in defending the matter, suffered damage to their credit, stress and other damages.

32.     Plaintiff and members of the Class are entitled to attorney fees.

C.     **Count 3**
       **(CSPA)**

33.     Plaintiff restates and realleges the allegations contained herein.

34.     Defendants' actions constitute a violation of the Ohio CSPA.

35.     "…, the OCSPA also provides protections for consumer debtors against debt collectors and their attorneys. The act states that '[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction.' R.C. 1345.02(A). R.C. 1345.03(A) provides that '[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction.' State and federal courts in Ohio have held that the OCSPA applies to debt collectors and to litigation activities. (cites omitted). We confirm the

validity of those precedents today." <u>Taylor v. First Resolution Invest. Corp.</u>, 2016-Ohio-3444, ¶ 12, 148 Ohio St. 3d 627, 631, 72 N.E.3d 573, 580.

36.     Plaintiff and members of the Class have been damaged as a direct and proximate result by having to incur attorney fees, lost time from work in defending the matter, suffered damage to their credit, stress and other damages.

37.     Plaintiff and members of the Class are entitled to treble damages, non-economic damages and attorney fees.

**D.     Count 4**
    **(Invasion of Privacy)**

38.     Plaintiff restates and realleges the allegations contained herein.

39.     Defendants' actions are an invasion of privacy.

40.     One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

41.     Plaintiff and members of the Class have been damaged as a direct and proximate result by having to incur attorney fees, lost time from work in defending the matter, suffered damage to their credit, stress and other damages.

42.     Plaintiff and members of the Class are entitled to attorney fees.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests:

A.     Certification of the Class requested above and appointment of Plaintiff as the Class Representative and his counsel as Class Counsel;

B.     An order and/or judgment awarding Plaintiff and the Class members all actual, statutory and/or punitive damages permitted by law;

C.      An order granting reasonable attorney fees and costs; and

D.      Such other and further relief as this Court finds just and proper.

## IV.  JURY DEMAND

Plaintiff demands that all issues be tried to a jury.

Respectfully submitted,

*/s/James S. Wertheim*

JAMES S. WERTHEIM (0029464)
James S Wertheim LLC
23811 Chagrin Blvd., Suite 330
Beachwood, OH 44122
(Ph.) 216-902-1719
wertheimjim@gmail.com

*Counsel for Plaintiff*



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF**
**December 8, 2020 12:24**

By: JAMES S. WERTHEIM 0029464

Confirmation Nbr. 2131499

| | |
|---|---|
| NEIL ROBINS | CV 20 940965 |
| vs. | |
| VELOCITY INVESTMENTS, LLC, ET AL | **Judge:**  JOSEPH D. RUSSO |

**Pages Filed:**  3

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY OHIO

| | | |
|---|---|---|
| NEIL ROBINS, | ) | CASE NO. CV-20-940965 |
| | ) | |
| Plaintiff, | ) | JUDGE JOSEPH D. RUSSO |
| | ) | |
| vs. | ) | **NOTICE OF A LAWSUIT AND** |
| | ) | **REQUEST TO WAIVE SERVICE OF** |
| VELOCITY INVESTMENTS, LLC, et al., | ) | **SUMMONS** |
| | ) | |
| Defendants. | ) | |

To:     Authorized Representative
        Velocity Investments, LLC
        1800 Route 34N
        Suite 305
        Wall, NJ 07719

WHY ARE YOU GETTING THIS?

　　A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the Complaint is attached.

　　This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these possible expenses, you must return the signed waiver within twenty-eight (28) days from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

WHAT HAPPENS NEXT?

　　If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have sixty (60) days from the date this notice is sent (see the date below) to answer the Complaint.

　　If you do not return the signed waiver within the time indicated, I will arrange to have the summons and Complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

　　Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you via USPS certified mail, return receipt requested, on the date below.

Date: December 8, 2020

/s/James S. Wertheim
JAMES S. WERTHEIM (0029464)
James S Wertheim LLC
23811 Chagrin Blvd., Suite 330
Beachwood, OH 44122
(Ph.) 216-902-1719
wertheimjim@gmail.com

*Counsel for Plaintiff*

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY OHIO

| | | |
|---|---|---|
| NEIL ROBINS, | ) | CASE NO. CV-20-940965 |
| | ) | |
| Plaintiff, | ) | JUDGE JOSEPH D. RUSSO |
| | ) | |
| vs. | ) | **WAIVER OF THE SERVICE OF** |
| | ) | **SUMMONS** |
| VELOCITY INVESTMENTS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

To:    James S. Wertheim, Esq.
       James S Wertheim LLC
       23811 Chagrin Blvd., Suite 330
       Beachwood, OH 44122

I have received your request to waive service of a summons in this action along with a copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and Complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within sixty (60) days from December 8, 2020, the date when this request was sent. If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____          _____
                                          (signature of the attorney or unrepresented
                                          party)

                                          _____

                                          _____

                                          _____

                                          _____
                                          [name, party being represented, address,
                                          phone and email of attorney or unrepresented
                                          party]



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF**
**December 8, 2020 12:23**

By: JAMES S. WERTHEIM 0029464

Confirmation Nbr. 2131492

NEIL ROBINS                                                CV 20 940965

    vs.

VELOCITY INVESTMENTS, LLC, ET AL                **Judge:** JOSEPH D. RUSSO

**Pages Filed:** 3

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY OHIO

NEIL ROBINS,                                )        CASE NO. CV-20-940965
                                            )
              Plaintiff,                    )        JUDGE JOSEPH D. RUSSO
                                            )
       vs.                                  )        **NOTICE OF A LAWSUIT AND**
                                            )        **REQUEST TO WAIVE SERVICE OF**
VELOCITY INVESTMENTS, LLC, et al.,          )        **SUMMONS**
                                            )
              Defendants.                   )

To:    Authorized Representative
       Javitch Block LLC
       1100 Superior Avenue
       19th Floor
       Cleveland, OH 44114-2521

WHY ARE YOU GETTING THIS?

       A lawsuit has been filed against you, or the entity you represent, in this court under the
number shown above. A copy of the Complaint is attached.

       This is not a summons, or an official notice from the court. It is a request that, to avoid
expenses, you waive formal service of a summons by signing and returning the enclosed waiver.
To avoid these possible expenses, you must return the signed waiver within twenty-eight (28)
days from the date shown below, which is the date this notice was sent. Two copies of the waiver
form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for
returning one copy. You may keep the other copy.

WHAT HAPPENS NEXT?

       If you return the signed waiver, I will file it with the court. The action will then proceed
as if you had been served on the date the waiver is filed, but no summons will be served on you
and you will have sixty (60) days from the date this notice is sent (see the date below) to answer
the Complaint.

       If you do not return the signed waiver within the time indicated, I will arrange to have the
summons and Complaint served on you. And I will ask the court to require you, or the entity you
represent, to pay the expenses of making service.

       Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you via USPS certified mail, return receipt requested, on the date below.

Date: December 8, 2020

/s/James S. Wertheim
JAMES S. WERTHEIM (0029464)
James S Wertheim LLC
23811 Chagrin Blvd., Suite 330
Beachwood, OH 44122
(Ph.) 216-902-1719
wertheimjim@gmail.com

*Counsel for Plaintiff*

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY OHIO

| | | |
|---|---|---|
| NEIL ROBINS, | ) | CASE NO. CV-20-940965 |
| | ) | |
| Plaintiff, | ) | JUDGE JOSEPH D. RUSSO |
| | ) | |
| vs. | ) | **WAIVER OF THE SERVICE OF** |
| | ) | **SUMMONS** |
| VELOCITY INVESTMENTS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

To:     James S. Wertheim, Esq.
         James S Wertheim LLC
         23811 Chagrin Blvd., Suite 330
         Beachwood, OH 44122

I have received your request to waive service of a summons in this action along with a copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and Complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within sixty (60) days from December 8, 2020, the date when this request was sent. If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date: _____            _____
                                          (signature of the attorney or unrepresented
                                          party)

                                          _____

                                          _____

                                          _____

                                          _____
                                          [name, party being represented, address,
                                          phone and email of attorney or unrepresented
                                          party]

Motion No.  <u>4880137</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**August 11, 2020 15:14**

By: ERICA L. KRAVCHENKO 0083257

Confirmation Nbr. 2048905

VELOCITY INVESTMENTS, LLC                              CV 19 926571

vs.

NEIL ROBINS                                        **Judge:**  WANDA C. JONES

**Pages Filed:**  10

IN THE CUYAHOGA COUNTY COMMON PLEAS COURT
CUYAHOGA COUNTY, OHIO

Velocity Investments, LLC assignee of
LendingClub Corporation assignee of WebBank

     Plaintiff

vs.

Neil Robins

Defendant

CASE NUMBER: 926571

JUDGE: WANDA C. JONES

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Due to the absence of any dispute whatsoever from the Defendant and based upon unanswered admissions, Plaintiff respectfully requests Summary Judgment in the amount of $28,001.18 with interest at the statutory rate of 5.00% per annum from the date of judgment and costs of this action.

### I. STATEMENT OF FACTS

Defendant received an extension of credit. The last four digits of this account number for this extension of credit are 7095. The Defendant received the benefit of the line of credit and made various purchases and charges. The Defendant received monthly statements reflecting purchases and charges for the account. The Defendant failed to make payment on the account and Plaintiff made a demand for the entire balance due of $28,001.18 with interest at the statutory rate of 5.00% per annum from the date of judgment and costs of this action. Plaintiff's Affidavit is attached hereto.

The Defendant failed to liquidate the balance due and owing and Plaintiff filed its complaint with this Court. Thereafter, Defendant filed an Answer with this Court. Plaintiff now files its Motion for Summary Judgment.

Electronically Filed 08/11/2020 15:14 / MOTION / CV 19 926571 / Confirmation Nbr. 2048905 / CLSLP



1764158 SR7

## LAW & ARGUMENT

Ohio's requirements for summary judgment are set forth in Civil Rule 56. Summary judgment is proper when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc., 50 Ohio St. 2d 317,327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274 (1977), Welco Industries, Inc. v. Applied Cos., 67 Ohio St.3d 344, 346 (1993).

The material facts in this case are undisputed. The attached affidavit demonstrates that there is no material fact in issue. See Affidavit. The amount due on the account statement is clear and the affidavit accurately reflects the amount due and owing on the account. The Defendant is obligated to pay the amount due on the account. These facts cannot be disputed.

Plaintiff is entitled to judgment as a matter of law. The affidavit demonstrates that the account was, in fact, not paid in full and a balance remains of $28,001.18. Plaintiff has not received payment for this remaining balance. The Defendant received the benefit of the credit card, but has failed to pay the Plaintiff accordingly.

The Defendant has not produced any evidence to demonstrate that this account was paid in full. To avoid summary judgment, the Defendant must go beyond the bare denial in her Answer and bring forth evidence to rebut Plaintiff's evidence. Dresher v. Burt, (1996) 75 Ohio St. 3d 293. The Defendant cannot meet this burden as Plaintiff's affidavit demonstrates that there remains a balance due.

Finally, reasonable minds can come to but one conclusion that summary judgment is warranted in this case. Even viewing the evidence in the light most favorable to the Defendant, the facts warrant summary judgment. The Defendant incurred charges on her account and failed to liquidate the balance owing. The attachments to this Motion are clear and demonstrate the Defendant's liability.

1764158 SR7

Electronically Filed 08/11/2020 15:17 MOTION / CONV 19265773 / Confirmation Nbr. 2048905 / CLSB9

Thus, there exists no issue as to any genuine material fact in this case.

III. CONCLUSION

The Plaintiff, Synchrony Bank, submits that there exists no genuine issue as to any material fact. Therefore, Plaintiff is entitled to summary judgment as a matter of law pursuant to Rule 56 of the Ohio Civil Procedure. Plaintiff asks for Summary Judgment in the amount of $28,001.18 with interest at the statutory rate of 5.00% per annum from the date of judgment and costs of this action.

Respectfully submitted,

Vikhodya Dyrda, #0096265
Kristin Radwanick, #0079106
Erica Kravchenko, #0083257
Javitch Block LLC
1100 Superior Avenue, 19th Floor
Cleveland, OH 44114-2521
(800) 837-0109
CLE@jbllc.com
Fax (216) 623-0190

Electronically Filed 08/11/2020 15:14 / MOTION / CV 19 926571 / Confirmation Nbr. 2048905 / CLSLP

1764158 SR7

CERTIFICATE OF SERVICE

A copy of the foregoing was sent to Defendant,

Neil Robins
3890 Ellendale Rd
Chagrin Falls, OH 44022 1124

on this _____ **AUG 1 1 2020** _____, by Regular U.S. Mail.

Viktoriya Dyrda, #0096265
Kristin Radwanick, #0079106
Erica Kravchenko, #0083257
Attorney for Plaintiff

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

1764158 SR7

IN THE CUYAHOGA COUNTY COMMON PLEAS COURT
CUYAHOGA COUNTY, OHIO

Velocity Investments, LLC assignee of
LendingClub Corporation assignee of WebBank

     Plaintiff

vs.

Neil Robins

     Defendant

CASE NUMBER: 926571

JUDGE: WANDA C. JONES

JUDGMENT ENTRY

     This cause came on for consideration on the Plaintiff's Motion for Summary Judgment. The Court finds said Motion to be well taken, and it is therefore granted.

     IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Plaintiff is granted judgment in its favor and against the Defendant in the amount of **$28,001.18** with interest at the statutory rate of 5.00% per annum from the date of judgment and costs of this action.

     This Judgment Entry constitutes a final appealable order pursuant to Rule 54 of the Ohio Rules of Civil Procedure.

 

 

JUDGE: WANDA C. JONES

Submitted by:



Viktoriya Dyrda, #0096265
Kristin Radwanick, #0079106
Erica Kravchenko, #0083257
Attorney for Plaintiff

Electronically Filed 08/11/2020 15:14 / MOTION / CV 19 926571 / Confirmation Nbr. 2048905 / CLSLP

1764158 SR7

# EXHIBIT A

Electronically Filed 08/11/2020 15:14 / MOTION / CV 19 926571 / Confirmation Nbr. 2048905 / CLSLP

STATE OF _____OHIO_____ )

COUNTY OF ___CUYAHOGA___ ) SS:

**MILITARY STATUS AFFIDAVIT**

Now comes _____Erica Kravchenko_____, who after being first duly sworn and cautioned according to law, deposes and states as follows:

1. I am employed by Javitch Block LLC.

2. The scope of my job responsibilities includes checking for active military services status of party Defendant from the Department of Defense Manpower Data Center (DMDC) online database at:

    https://scra.dmdc.osd.mil.

3. I have received the Military service status of party Defendant, Neil Robins on said DMDC online database.

4. The database check results showed that the DMDC does not possess any information indicating that the individual Defendant is currently on active duty.

5. A true, authentic and accurate copy of the results of the search performed is attached hereto.

**AFFIANT FURTHER SAYETH NAUGHT.**

_____

SUBSCRIBED AND SWORN TO (OR AFFIRMED) BEFORE ME, on this ___ day of __AUG 05 2020__, 20__ by _____Erica Kravchenko_____ personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public



KAREN A. KOENIG
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires 3/17/2025

Electronically Filed 08/11/2020 15:14 / MOTION / CV 19 926571 / Confirmation Nbr. 2038905 / CLSLP

```
* Q - - 1 7 6 4 1 5 8 M A F - 1 - *
```

Department of Defense Manpower Data Center

Results as of : Aug-04-2020 04:15:53 PM

SCRA 5.5



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date:
Last Name: ROBINS
First Name: NEIL
Middle Name:
Status As Of: Aug-04-2020
Certificate ID: 4RRR8TWWCJ71Q67

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

Electronically Filed 08/11/2020 15:14 / MOTION / CV 19 926571 / Confirmation: 2048905 / CLSLD

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps)

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

1764158  SR7

Javitch Block LLC
1100 Superior Avenue, 19th Floor
Cleveland, OH 44114-2521

Neil Robins
3890 Ellendale Rd
Chagrin Falls, OH 44022-1124

Electronically Filed 08/11/2020 15:14 / MOTION / CV 19 926571 / Confirmation Nbr. 2048905 / CLSLP

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

1764158    SR7



114974761

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

VELOCITY INVESTMENTS, LLC
     Plaintiff

NEIL ROBINS
     Defendant

Case No: CV-19-926571

Judge: WANDA C JONES

## __JOURNAL ENTRY__

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS DENIED. PURSUANT TO CIV.R. 56(C), SUMMARY JUDGMENT SHOULD BE GRANTED WHEN THE COURT, HAVING REVIEWED THE EVIDENCE AND CONSTRUED IT IN A LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY, DETERMINES THAT REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION: THAT THERE IS NO DISPUTE OF ANY MATERIAL FACT, AND THAT PLAINTIFF VELOCITY INVESTMENTS, LLC IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
PLAINTIFF CLAIMS DEFENDANT NEIL ROBINS SIGNED A LOAN AGREEMENT ON WHICH IT CLAIMS AN ENTITLEMENT TO SUE IN CASE OF DEFAULT. BUT ROBINS ACCURATELY POINTS OUT IN HIS BRIEF IN OPPOSITION THAT HIS SIGNATURE IS NOT PROVIDED ANYWHERE PLAINTIFF'S PURPORTED LOAN AGREEMENT. MOREOVER, ROBINS CLAIMS IN HIS AFFIDAVIT ATTACHED TO HIS BRIEF IN OPPOSITION THAT HE NEVER ENTERED INTO ANY KIND OF AGREEMENT WITH THE COMPANY WEBBANK, NOR RECEIVED ANY FUNDS FROM IT. IN ADDITION, PLAINTIFF IDENTIFIES ITSELF AS VELOCITY INVESTMENTS, LLC, "ASSIGNEE OF LENDING CLUB, ASSIGNEE OF WEBBANK". HOWEVER, THERE IS NO DOCUMENTATION ANYWHERE IN THE RECORD INDICATING AN ASSIGNMENT OF THE PURPORTED DEBT IN THIS MATTER TO VELOCITY, NOR ANY DOCUMENTATION INDICATING THAT VELOCITY ITSELF IS OWED FUNDS. THESE DISPARITIES DEMONSTRATE WITH CLARITY THAT THERE ARE SIGNIFICANT DISPUTES OF MATERIAL FACTS IN THIS MATTER. VELOCITY IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW. THIS MATTER REMAINS SET FOR TRIAL ON 2/18/2021.

_Wanda C. Jas_

Judge Signature          11/23/2020

11/02/2020